UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROY A. GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01557-SEB-KMB |
| | ) | |
| RYAN NEEDHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING SHERIFF RYAN NEEDHAM'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Roy A. Glass initiated this action alleging violations of his constitutional rights related to his medical care while he was housed at the Montgomery County Jail. Defendant Sheriff Ryan Needham has moved for summary judgment on the grounds that he was not personally involved in any alleged constitutional deprivations and he is entitled to qualified immunity. Dkt. 42. For the reasons below, Sheriff Needham's motion, dkt. [41], is **GRANTED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need

not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Glass failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Sheriff Needham has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Glass and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

### A. The Parties

At all relevant times, Mr. Glass was an inmate at the Montgomery County Jail in Crawfordsville, Indiana. Dkt. 1.

Sheriff Ryan Needham is employed as the Sheriff at the Montgomery County Sheriff's Department. Dkt. 43-2 at 1.

On July 13, 2022, Roy A. Glass was bitten by a K-9 police dog on his right thigh, arrested, and taken to the Montgomery County Jail. Dkt. 1. As a result of the bite, Mr. Glass sustained a "knot" of scar tissue that caused tingling, numbness, and a loss of sensation in his leg. *Id*. at 1-2.

Mr. Glass also suffered from Lupus and required medication to manage his symptoms. *Id.* at 2. Although he typically was prescribed Plaquenil, Nurse Jennifer said they would not approve that medication and, instead, prescribed him prednisone. *Id.* For nine months, Mr. Glass took prednisone and began experiencing blurry eyesight. *Id.* After submitting numerous healthcare complaints, he was eventually sent to an eye doctor who determined that Mr. Glass had sustained damage to his eyes from prolonged prednisone use. *Id.* He was then prescribed bifocals to improve his vision. *Id.*

In his complaint, Mr. Glass alleges three central claims against Sheriff Needham: 1) that the Sheriff denied him surgery for his dog bite scar tissue, 2) that the Sheriff denied him glasses after Nurse Jennifer caused Mr. Glass eye damage due to prolonged usage of steroids, and 3) Mr. Glass was denied treatment on his ankle and foot after he fell down the stairs. Dkt. 1. At 1.

### B.  Mr. Glass' Medical Treatment

On February 9, 2023, a third-party Franciscan Health doctor, Dr. Michael Bittles, performed an evaluation on Mr. Glass and recorded "[p]ainful subcutaneous mass on the right anterior thigh. We discussed excising this as an outpatient procedure under monitored sedation. All of his questions were answered and he would like to proceed." Dkt. 43-3 at 8. On this medical documentation, an unknown party notated "spoke with Jodie (Nurse) 2/16/23. Surgery is non-emergent per Dr. Bittles." *Id.*

3

On March 2, 2023, Mr. Glass was seen by Nurse Jen Winnings to again address Mr. Glass' scar tissue from his dog bite. Dkt. 43-3 at 2. The nurse notated "Pt was evaluated by a general surgeon who has deemed the surgery non-emergent. Pt was informed that this is something he can peruse [sic] further on the outside." *Id.*

Sheriff Needham never responded to any of Mr. Glass' grievances or had any personal interactions with him. Dkt. 43-2 at 4. Sheriff Needham had no personal knowledge of any of Mr. Glass' medical issues. *Id.* Quality Correctional Care, a third-party medical company, administered all healthcare services to inmates during the time period in question, including medication prescribing and medical decisions. *Id.*

## III. Discussion

### A. Personal Involvement

A pretrial detainee's unconstitutional medical care claim, brought under the Due Process Clause of the Fourteenth Amendment, is analyzed according to the objective unreasonableness inquiry laid out in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). A defendant violates a pretrial detainee's due process right to constitutionally acceptable medical care if:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] "purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm.

*Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Miranda*, 900 F.3d at 353−54). "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—

4

without regard to any subjective belief held by the individual—whether the response was reasonable." *Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019) (cleaned up).

"'To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'" *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). "[S]upervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018); *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) ("Under § 1983, there is no respondeat superior liability.").  "Prison officials may satisfy the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (finding that warden and director of food services could not be held liable under § 1983 because they "did not know that the inmates were being deprived of adequate nutrition and were not personally involved in delivering the purportedly deficient meals").

Here, undisputed facts establish that Sheriff Needham was not personally involved in the alleged deprivation. Specifically, there is no evidence that Sheriff Needham ever had any direct contact with Mr. Glass, responded to his grievances, or even had any knowledge of Mr. Glass' medical issues. Dkt. 43-2 at 4. Accordingly, because there is no dispute that Sheriff Needham lacked any personal involvement in the § 1983 claims alleged in this action, he is entitled to summary judgment.

### B. Qualified Immunity

The Court acknowledges that Sheriff Needham has raised the qualified immunity defense. However, as discussed above, Sheriff Needham committed no constitutional violation because he

was not personally involved in any alleged deprivation, and thus, the Court need not address this defense to Plaintiff's claims.

## IV.
## Conclusion

Sheriff Ryan Needham's motion for summary judgment, dkt. [41], is **GRANTED**.

The **clerk is directed** to terminate Sheriff Ryan Needham as a defendant on the docket.

No partial final judgment shall issue at this time. Nurse Jennifer did not move for summary judgment and the deadline has passed. Accordingly, claims against her will be resolved by settlement or trial.

The Court prefers that Mr. Glass be represented by counsel for the remainder of this action against the remaining defendant, Nurse Jennifer. The Court, *sua sponte* reconsiders Mr. Glass' motion to appoint counsel, dkt [26], and **GRANTS** the motion. The Court will begin to recruit counsel on behalf of Mr. Glass. Once counsel has been recruited, the magistrate judge is asked to schedule a telephonic status conference to discuss further proceedings.

**IT IS SO ORDERED.**

Date: 4/22/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROY A. GLASS
875285
401 N. Market Street
Thorntown, IN 46071

All Electronically Registered Counsel